```
                                                    FILED
                                                  DEC - 7 2010
                                                RICHARD W. WIEKING
                                              CLERK, U.S. DISTRICT COURT
                                            NORTHERN DISTRICT OF CALIFORNIA
                                                     OAKLAND
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSE LUIS AVALOS-MANZANO,<br><br>    Defendant. | No. CR 10-00876-CW (DMR)<br><br>DETENTION ORDER |

### I. DETENTION ORDER

Defendant Jose Luis Avalos-Manzano is charged in an indictment with illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. On December 3, 2010, the United States moved for Mr. Avalos-Manzano's detention pursuant to 18 U.S.C. § 3142(f)(2)(A) (because there is a serious risk that the defendant will flee), and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Mr. Avalos-Manzano did not request a full bail study at this time. Pretrial Services did, however, prepare a criminal record report. At the December 7, 2010 hearing before this Court, Mr. Avalos Manzano waived the timing of his right to proffer information at a detention hearing, *see* 18 U.S.C. § 3142(f) (a defendant has the

DETENTION ORDER
CR 10-00876 CW (DMR)                          1

cc: Copy to parties via ECF, Nikki, Pretrial Services, 2 Certified copies to U.S. Marshal

right at a section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer or otherwise), but he retained his right to raise any additional relevant information at a later hearing. The Court notes that Mr. Avalos-Manzano is subject to an immigration detainer issued by Immigration and Customs Enforcement ("ICE").

After considering the limited information available to the Court, and the factors set forth in 18 U.S.C. § 3142(g), the Court detains Mr. Avalos-Manzano as a serious risk of flight and finds that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance in this case. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## II.  CONCLUSION

The Court detains Mr. Avalos-Manzano as a serious flight risk. Because Defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Defendant's request at any future time.

Mr. Avalos-Manzano shall remain committed to the custody of the Attorney General.

IT IS SO ORDERED.

DATED: December 7, 2010

DONNA M. RYU
United States Magistrate Judge